IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIDFIRST BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2466-M-BN |
| | § | |
| CARL TAYLOR *and All Occupants*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation. Because the Court lacks subject matter jurisdiction over this action, the Court should remand the action to County Court at Law No. 3, Dallas County, Texas, from which it was removed.

**Background**

Defendant Carl W. Taylor, proceeding *pro se*, removed this civil action from Texas state court to federal district court. *See* Dkt. No. 3. The Original Petition, attached to Defendant's notice of removal, indicates that this removed action is a forcible detainer action that was initially brought by Plaintiff in Justice of the Peace Court, Precinct No. 1, Position No. 2, and later appealed to County Court at Law No. 3, Dallas County. *See* Dkt. No. 3 at 8, 13 of 16.

As grounds for removal, Defendant has invoked diversity jurisdiction. Although

Defendant cites 28 U.S.C. § 1331, the statute that confers federal question jurisdiction, Defendant makes no allegations alleging federal question jurisdiction. *See* Dkt. No. 3 at 1, 3 of 16.

Plaintiff Midfirst Bank has not moved to remand to state court or, for that matter, made any filings in this Court. Nevertheless, the undersigned now concludes that the Court lacks subject matter jurisdiction and that remand is required.

## Legal Standards and Analysis

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

28 U.S.C. § 1447(c).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). Failure to allege adequately the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in a forcible detainer action is the value of the right to occupy or possess the property at issue. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Talley*, No. 3:12-cv-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (citing cases), *rec. adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012). Further, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here, the record is wholly devoid of any evidence or argument to establish the value of the right to possess or occupy the property at issue or any information to suggest that such value exceeds $75,000. Rather, Defendant has merely alleged the fair market value of the property, which does not serve as the amount in controversy in a forcible detainer action. *See* Dkt. No. 3 at 3 of 16. Accordingly, Defendant has failed to satisfy his burden to show that federal diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1). *See Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *5 (N.D. Tex. Dec. 13, 2012) (remanding forcible detainer action under similar

circumstances).

Likewise, Defendant has failed to establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). To support removal, therefore, Defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter*, 44 F.3d at 366.

Defendant's removal papers simply fail to make any allegations regarding federal question jurisdiction. Although Defendant does invoke 28 U.S.C. § 1331, he appears to mistakenly conflate that statute with diversity jurisdiction. Therefore, Defendant has not even alleged, much less shown, that Plaintiff raised any federal law causes of action or any substantial, disputed question or issue of federal law in its state court forcible detainer action or that Plaintiff's state law claims are completely preempted by federal law. None of the papers that Defendant filed – including the Original Petition attached to Defendant's notice of removal – suggest, much less show, that Plaintiff raised any federal law causes of action, questions, or issues in the state court proceedings. *See* Dkt. No. 3. Accordingly, Defendant has failed to satisfy his

burden to show that federal question jurisdiction exists under 28 U.S.C. § 1331. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *accord U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Matts*, 2012 WL 6208493, at *4-*5 (same).

### Recommendation

For the reasons stated herein, the Court lacks subject matter jurisdiction over this action. Accordingly, the Court should remand the action to County Court at Law No. 3, Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 24, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE